Dear Mr. Walsworth:
This office is in receipt of your Attorney General's opinion request, wherein you presented the following question as we understand it:
May a court entity, such as a Marshal's office, contract with a collection agency to assist in collecting unpaid fines and court costs?
It is the opinion of this office that a court entity, such as a Marshal's office, may not contract with a collection agency to assist in collecting unpaid fines and court costs.
 Louisiana Revised Statute 13:1898 states, in pertinent part:
 A. Except as otherwise provided by special law and in Subsection B thereof, the clerk of the city court or the marshal, as designated by the judge, shall collect all fines, forfeitures, penalties, and costs . . . [emphasis added.]
Because of the language emphasized, except as provided by special law, it is clear that a the clerk of court or the marshal has the sole responsibility of collecting unpaid fines UNLESS there is special authorization.
An example of such authorization would be the Revised Statute 9:3576.6, which stated "State and federal agencies, departments, political subdivisions of the state, incorporated municipalities, and parishes, may, by written contract, utilize collection agencies licensed and bonded under this Part for the purpose of collecting public debts owed by any person, except those arising from outstanding bench warrants, parking fines, and traffic tickets."
However, it does not apply to the instant case because it was repealed by Acts 2003, No. 638, § 1. The repeal indicated that the legislative intent was ". . . to repeal licensing *Page 2 
and regulatory provisions regarding collection agencies." It is the opinion of this office that because of the aforementioned emphasized language (Except as otherwise provided by speciallaw) the removal of the authorization in an attempt to deregulate collection agencies also removed the authority to utilize said agencies.
Further, previous Attorney General Opinions based on said repealed laws, such as Opinion No. 96-71 to Rep. Diez, are no longer authoritative on the issue.
I hope the foregoing Opinion has been responsive to your question.
Very truly yours,
 CHARLES C. FOTI JR. ATTORNEY GENERAL
 BY: _______________________ STEPHEN STREET ASSISTANT ATTORNEY GENERAL *Page 3 
 Office of the Attorney General State of Louisiana
 *1 Opinion No. 96-71 April 9, 1996
47 Fines, Forfeitures Penalties
60 Law Officers — Authority Jurisdiction
R.S. 9:3576.3; 9:3576.6; 13:2563.16; C.C.P. 889
A public body may utilize a collection agency to collect public debts, except for outstanding bench warrants, parking fines and traffic tickets.
Representative John C. "Juba" Diez 42126 Highway 931 Gonzales, LA 70737
Dear Rep. Diez:
You requested the opinion of this office concerning the following issue:
Can a parish or city contract with a non-governmental official to allow such an individual to collect public debts owed by any persons to that local governing body?
La. R.S. 9:3576.6 authorizes a public body to contract with acollection agency to collect public debts, as follows:
"State and federal agencies, departments, political subdivisions of the state, incorporated municipalities, and parishes, may, by written contract, utilize collection agencies
licensed and bonded under this Part for the purpose of collecting public debts owed by any person, except those arising from outstanding bench warrants, parking fines, and traffic tickets."
Thus, there must be a written contract establishing the basic relationship between the public body and the collection agency.
The collection agency must be licensed under the laws of the state of Louisiana and must also be bonded. However, the public debts which can be collected by the collection agency cannot include those arising from outstanding bench warrants, parking fines, and traffic tickets.
Furthermore, no debt owed to a governmental body may be assigned to a collection agency under this statute "unless there has been an attempt to advise the debtor, *Page 4 
in writing, of the existence of the debt, the amount of the debt, the reason for the debt, and a request for payment." (Emphasis added) Collection agencies which are assigned public debts have only those remedies and powers which would be available to them as assignees of private creditors.
"Collection agency" and "debt collector" are defined in La. R.S. 9:3576.3(2) (a) as synonymous and interchangeable terms to mean "any person who uses any instrumentality of intrastate or interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . ." The exceptions to this definition are set forth in La. R.S. 9:3576.3(2) (b), a copy of which is enclosed. From the limited information we have been furnished, those exceptions do not appear to be pertinent to your request.
We are unaware of any law which would allow for a private debt collector to collect outstanding bench warrants, parking fines, and traffic tickets, and thus those types of debt can only be collected as provided by the laws which are pertinent to the particular court involved as well as the particular offense. See C.Cr.P. 889, La.R.S. 15:571.11, La.R.S. 13:1898 and La.R.S.13:1899. For example, La.R.S. 13:2563.16 provides that for offenses occurring within the territorial limits of the municipalities of Donaldsonville, Gonzales or Sorrento, the chief law enforcement officer or his assistant shall collect all fines, forfeitures, penalties and costs imposed by the Parish Court
for the Parish of Ascension. If, however, the offense occurs outside the territorial limits of those municipalities, the sheriff is to collect the fines, forfeitures, penalties and costs imposed by that court.
 *2 Trusting this adequately responds to your request, we remain
Yours very truly,
Richard P. Ieyoub
Attorney General
Martha S. Hess
Assistant Attorney General
 ATTACHMENT 1 PART XVIII. COLLECTION AGENCY REGULATION ACT SUBPART A. GENERAL PROVISIONS § 3576.1. Short title *Page 5 
This Part shall be known and may be cited as the "CollectionAgency Regulation Act". Added by Acts 1993, No. 446, § 1, eff. Sept. 1, 1993.
 Historical and Statutory Notes
Title of Act:
An Act to enact Part XVIII of Chapter 2 of Code Title XII of Code Book III of Title 9 of the Louisiana Revised Statutes of 1950, to be comprised of R.S. 9:3576.1 through 3576.23, and to repeal R.S. 9:3554.2(A), relative to debt collection businesses and practices; to provide for the licensing, bonding, and regulation of both debt collection businesses operating in Louisiana and out-of-state collection agencies engaged in collecting consumer and commercial debts owed by persons andentities located in Louisiana; to provide relative to violations and civil and criminal penalties; to provide for the assessment of fees; and to provide for related matters. Acts 1993, No. 446.
§ 3576.2. Statement of policy
It is declared to be the policy of this state to regulate the licensing, operations, and practices of collection agencies and debt collectors to protect the welfare of its citizens. Added by Acts 1993, No. 446, § 1, eff. Sept. 1, 1993.
§ 3576.3. Definitions
Unless a different meaning is plainly required by the context, the following words and phrases as hereinafter used in this Part shall have the following meanings:
(1) "Affiliated person" means a person that owns or exercises directly or indirectly twenty-five percent or more control or management of another person through a holding company or otherwise.
(2) (a) "Collection agency" and "debt collector" are synonymous and interchangeable terms and mean any person who uses any instrumentality of intrastate or interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and relative to Louisiana debtors, notwithstanding the fact that such person has no employees, offices, equipment, or other physical facilities in this state. The terms include each of the following:
(i) A person directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another nonaffiliated person.
(ii) Any person or creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is *Page 6 
collecting or attempting to collect such debts.
(b) The term "debt collector" or the term "collection agency" shall not mean nor include:
*3 (i) Any officer or employee of a creditor while, in the name of the creditor, is collecting debts for such creditor, or a person collecting or attempting to collect claims that are owed to that person or to an affiliated person, whether directly as an originating creditor or indirectly as a result of purchase, transfer of ownership, or subrogation of rights.
(ii) Any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate corporate control, if the person acting as debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts.
(iii) Any officer or employee of the state of Louisiana or the United States to the extent that collecting or attempting to collect any debt is in the performance of his official duties.
(iv) An individual engaged in soliciting claims forcollection, or collecting or attempting to collect claims on behalf of a licensee under this Part, if the individual is an employee of the licensee.
(v) A person whose collection activities are carried on in his or its true name and are confined and directly related to the operation of a business other than that of a collection agency,
such as but not limited to banks, savings banks, savings and loan associations, credit unions, public officers acting in their official capacities, and persons acting under court order.
(vi) Any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt.
(vii) Any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors.
(viii) An attorney collecting or attempting to collect claims for clients.
(ix) A person who, on behalf of another person, prepares or mails monthly or periodic statements of accounts due if all payments are made to that other person and no other collection efforts are made by the person preparing the statements of account.
(x) Any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity: *Page 7 
(aa) Is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement.
(bb) Concerns a debt which was originated by such person.
(cc) Concerns a debt which was not in default at the time it was obtained by such person.
(dd) Concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.
(3) "Claim" means any obligation of a Louisiana debtor for the payment of money or thing of value arising out of any agreement or contract, express or implied, for any purpose.
(4) "Client" or "customer" means any person authorizing or employing a collection agency to collect a claim.
*4 (5) "Commissioner" means the commissioner of the office of financial institutions for the state of Louisiana.
(6) "Debtor" means any person owing or alleged to owe a claim.
(7) "Licensee" means any person licensed under this Part.
(8) "Person" means an individual who possesses contractual capacity, or a partnership, trust, joint venture, unincorporated organization, association, corporation, sole proprietorship, or any other form or entity not specifically listed herein.
Added by Acts 1993, No. 446, § 1, eff. Sept. 1, 1993.
 Library References
Words and Phrases (Perm. Ed.)
§ 3576.4. Promulgation of rules and regulations; hearings; decisions
The commissioner of the office of financial institutions shall promulgate regulations pursuant to the Administrative Procedure Act [FN1] to implement the provisions of this Part. All hearings or adjudicatory proceedings held by the office pursuant to this Part shall be in accordance with the Administrative Procedure Act.
Added by Acts 1993, No. 446, § 1, eff. Sept. 1, 1993.
 [FN1]. R.S. 49:950 et seq. *Page 8 
La. Atty. Gen. Op. No. 96-71, 1996 WL 384359 (La.A.G.)
END OF DOCUMENT